# Neel's Estate.

*Wills—Construction—Legacies—Charitable bequests — Identification of legatee.*

A testatrix made her will in 1909, whereby she bequeathed one-fourth of the residue of her estate to the "Allegheny County Children's Aid Society, of Allegheny County, Pennsylvania." The testatrix died in March, 1915. At the time of the making of the will there was in Allegheny County an unincorporated body known as the Children's Aid Society of Allegheny County. In May, 1913, the majority of the members of such society voted to incorporate the society, and in June, 1913, such society was incorporated by the Common Pleas Court. Thereafter certain persons who had been members of the unincorporated body, not approving of the incorporation, formed an organization known as the Children's Aid Society of Western Pennsylvania, Allegheny County Auxiliary. Each of such organizations claimed the legacy. *Held*, the court properly awarded the legacy to the incorporated body.

Argued Sept. 25, 1917. Appeal, No. 163, Oct. T., 1917, by Mary Aylesworth and Augusta H. Wallace, in behalf of themselves and all others interested in the Children's Aid Society of Western Pennsylvania, Allegheny County Auxiliary, an unincorporated association, from decree of O. C. Jefferson Co., April T., 1916, No. 16, dismissing exceptions to report of auditor in Estate of Nancy Neel, Deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Exceptions to report of auditor.

The facts appear in the following excerpts from the opinion of CORBET, P. J.:

While there is considerable volume to this controversy, the controlling matters may be found within comparatively limited bounds. A number of ladies, with the philanthropic purpose of caring for abandoned, neglected and dependent children, met together in the City of Pittsburgh, and on June 22, 1885, organized them-

selves for that purpose under the name of "Children's Aid Society of Allegheny County and Bureau of Information," a little later abbreviating the name to "Children's Aid Society of Allegheny County." Similar societies having been formed in other Western Pennsylvania counties, it was, by concerted action of the various societies in the western counties of the State, decided to form a federation, composed of delegates from each of the county societies, and to incorporate it, in order to obtain appropriations from the State for distribution to the work among the different county societies, and to serve as a means of having an interchange of cases between the counties, and, accordingly in 1889, the Children's Aid Society of Western Pennsylvania was incorporated.

Some time after this incorporation the Children's Aid Society of Allegheny County, which had been acting under the voluntary association of its members, which has been mentioned, as did others of the county societies, appended to its name "Auxiliary to the Children's Aid Society of Western Pennsylvania," and thereafter until the incorporation hereafter mentioned the Children's Aid Society of Allegheny County, thus mentioned, received a portion of the appropriations made by the State to the Children's Aid Society of Western Pennsylvania, and continued to carry on its work, availing itself of the facilities afforded by the Western Pennsylvania Society. What connection there was with the Society of Western Pennsylvania seems to have been held lightly by the county societies, each one of which appears to have been free to drop it whenever it chose to do so.

On August 30, 1909, Nancy Neel, of Brookville, Jefferson County, Pennsylvania, made her last will and testament, wherein is found, inter alia, the following so far as it is necessary to quote: "The remainder of the said one-half principal sum of my estate shall be divided as follows: One-fourth part thereof to the Allegheny County Children's Aid Society of Allegheny County, Penn-

sylvania; one-fourth part thereof to the Presbyterian Hospital of Allegheny County, Pennsylvania; one-fourth part thereof to the Passavant Hospital of Pittsburgh, Pennsylvania......;—the bequest to the Children's Aid Society giving rise to this controversy.

The legislative bodies of the State at the session of 1913, passed an act (later vetoed by the Governor, but not until after the incorporation hereinafter mentioned) appropriating $20,000 to the Children's Aid Society of Allegheny County, which made it necessary, if the latter was to receive the money, that it should be incorporated. Accordingly a meeting of the society was called for May 17, 1913, to consider the matter of securing a charter. While not positively testified that all the members had notice of the meeting, it is a clear inference from the established facts that a notice was sent to each member. Out of a board membership of twenty-five, thirteen attended the meeting in person and three sent proxies. The action taken, as appears by the minutes was as follows: "The president announced that the legislature had appropriated $20,000 to the Allegheny County Society, and that to receive the money it would be necessary for us to have our own charter. After a very careful and conscientious consideration of the matter, and comments from the members present, it was moved by Mrs. Hickman, seconded by Mrs. Rankin, that we apply for a charter. All voted for it but Mrs. Wallace and Mrs. Anderson. They did not vote. Motion was declared carried." In pursuance of this action, an application for a charter, executed on its behalf by six members of the society, was made to the Court of Common Pleas of Allegheny County, and in June, 1913, the Children's Aid Society of Allegheny County was incorporated by said court. Owing to the vetoing of the bill by the Governor on July 26, 1913, there was delay in organizing under the charter, which did not take place until in 1914, when the existing officers, who had previously been elected, became, by virtue of their offices and in

consequence of their designation as such in the charter, officers of the incorporated society. Or, in other words, without change of object or purpose, custody or books, or apparent objection or friction, the unincorporated society merged into, and continued its business and objects as the incorporated society, without any noticeable change, save that it did not thereafter maintain any connection with the Society of Western Pennsylvania, and it has ever since, in full activity, continued its work.

The auditor has found that on June 22, 1914, about a year after application had been made for a charter for the Children's Aid Society of Allegheny County, several former board members, including the two who had resigned before the organization under the charter, with others, formed a new organization of about twenty-one members, to take care of dependent children; that this society affiliated with the Children's Aid Society of Western Pennsylvania, and for a time was known as the "Children's Aid Society of Allegheny County, Auxiliary to the Children's Aid Society of Western Pennsylvania," but in October, 1914, on advice of counsel, changed this name and title to "Children's Aid Society of Western Pennsylvania, Allegheny County Auxiliary," by which name and title it is one of the contesting parties for the bequest in question. The court has further expressed its views upon this matter in what is said upon the fifth exception. This unincorporated organization is maintained, and engages in the work for which it was formed.

Nancy Neel died a resident of Brookville, Jefferson County, Pennsylvania, on March 3, 1915, and on March 9, 1915, her will was proven and admitted to probate in the register's office of that county, and recorded in Will Book No. 5, page 267.

The question to be decided is which of these organizations is entitled to the particular bequest in question, —the Children's Aid Society of Allegheny County, or, the Children's Aid Society of Western Pennsylvania, Allegheny County Auxiliary, the latter claiming to be a

reorganization and continuation of the parent Children's Aid Society of Allegheny County, by such of its members as did not give their affirmative approval and consent to the incorporation of that society, and to be thereafter in continuous succession the unincorporated society which was in existence at the time Mrs. Neel made her will.

The position held by the Children's Aid Society of Western Pennsylvania, Allegheny County Auxiliary, is that the incorporation of the Children's Aid Society of Allegheny County was inoperative and ineffective as to those members of the society who did not vote for or attach themselves to the chartered society, and that they remained without change the original association.

The original association was not for profit to its members, but had for its purpose, caring for and promoting the welfare of abandoned, neglected and dependent children, as well for their good as for the good of the public. So far as the court is informed the organization of the ladies interested was without articles of association or fundamental rules specifically defining the rights of the members or the powers of the association, and was, therefore, very loose in character. Such being the case, it would seem to be a necessity that the control of its affairs, and the determination of that form of organization which at any time would best tend to the furthering of its great and beneficent purpose should be peculiarly within the control of the majority of the members thus associated together. Of course, no one could be forced into corporate membership. Nevertheless, the opinion is entertained that, under the circumstances in this case, it was within the province and power of the majority of the associates, in furtherance of the general purpose and design of the organization, to incorporate as they did, especially as the transfer or transaction was no more than a change from an unincorporated situation to a corporate situation, and all of the activities were continued by that majority and have ever since been main-

tained by the society. Under such circumstances, the very few who remained silent ought not to have it in their power to block or prevent that which the majority deem for the best interest of the society, and to best tend to promote and carry out its original and unchanged purposes, nor be permitted to prevail in their claim of being at the present time the original society.

But in any event, how can such controversy or its definite settlement be of interest in the present matter? It is quite uncontroverted that a majority of the original society, during the lifetime of Mrs. Neel, did incorporate, taking with them to the corporation the name, identity, actual working organization, minute book, and the like, of the society, without legal question of the right so to do by any silent member, and, without cessation, continued, and has ever since continued, actively and efficiently to carry out the original objects and purposes of the society. Thereafter the donor was under no obligation to investigate whether as between themselves the incorporated society should administer her bounty, or whether the nonjoining members should do so. Sufficient for her purpose that there was and continued to be a Children's Aid Society of Allegheny County, in uninterrupted existence, identically the same in every respect except for a merger into a corporate organization from an unincorporated one. So long as she lived neither claimant had a vested interest in the bequest, nor, so far as they are concerned, was there any occasion, at the time the charter was obtained, for determining as between them, in her behalf, which was the continuing society. The court should not be required to determine that controversy now, nor should the estate be vexed with it.

Furthermore, it is to be presumed that Mrs. Neel, at the time she made her will, had some knowledge at least of the devisee to which she made the bequest; that her knowledge continued until her death; that when an alteration was made in the organization she knew of it;

and that she fully designed and intended the bequest to go to that specific organization which, at her death, should and did bear the appellation she applied in writing the bequest.

Although Nancy Neel's will was made August 30, 1909, and the Children's Aid Society of Allegheny County should have first come into being thereafter on June 14, 1913, when incorporated by the Court of Common Pleas of Allegheny County, and if on her death on March 3, 1915, no adverse claimant under the bequest in question arose to dispute the right to it, would the bequest not go to the "Children's Aid Society of Allegheny County"? Could a residuary legatee contend with success that it had lapsed because the corporation was nonexistent when the will was made, although in full being at and after the death of the testatrix? She had a beneficent purpose in view, not the mere enrichment of a society, and, if, when she died, there existed the "Children's Aid Society of Allegheny County," corresponding in location and almost identically in name with the legatee named in her will, and fully qualified and in readiness to carry out her purpose, would right and justice permit her intention to be thwarted? It is manifest she had no intention whatever to have her benefaction expended all over the western part of the State. This is clear from the wording of the specific bequest in association with the other bequests grouped with it: "One-fourth part thereof to the Allegheny County Children's Aid Society of Allegheny County, Pennsylvania; one-fourth part thereof to the Presbyterian Hospital of Allegheny County, Pennsylvania; one-fourth part thereof to the Passavant Hospital of Pittsburgh, Pennsylvania"; and the remaining one-fourth part conditionally but preferentially towards a hospital "for the people of Brookville, Jefferson County, Pennsylvania." By name and location, object and purpose, standing and fitness, no other organization, at the time of the death of Mrs. Neel, was apparently or really so rightfully entitled to claim and

receive the bequest in question as the "Children's Aid Society of Allegheny County."

The court dismissed the exceptions. Mary Aylesworth and Augusta H. Wallace, in behalf of themselves and all others interested in the Children's Aid Society of Western Pennsylvania, Allegheny County Auxiliary, an unincorporated association, appealed.

*Errors assigned* were in dismissing the exceptions.

*Leonard K. Guiler,* for appellants.

*S. S. Robertson,* for appellee.

PER CURIAM, October 19, 1917:

The question before the auditor and learned court below was the identification of a charitable legatee, and we have not been persuaded that there was error in their finding, under all the facts developed, that the "Children's Aid Society of Allegheny County" is the legatee intended by the testatrix.

Appeal dismissed at appellant's costs.